NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000020
30-JAN-2018
08:01 AM

NO. CAAP-17-0000020

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
REED K. SHOOK, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CRIMINAL NO. 3DTA-16-01050)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Reed K. Shook (Shook) appeals from a Judgment and Notice of Entry of Judgment, entered by the District Court of the Third Circuit (district court),[1] on November 9, 2016. The district court found Shook guilty of one count of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and (3).[2]

---

[1] The Honorable Margaret K. Masunaga presided.

[2] HRS § 291E-61 (Supp. 2016) provides in relevant part:

    (a)    A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

        (1)    While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

On appeal, Shook argues that the district court (1) abused its discretion in admitting, without a sufficient foundation, (a) Officer Davis's testimony regarding Shook's performance on the Standardized Field Sobriety Test (SFST), and (b) the results of Shook's Intoxilyzer results; (2) violated Shook's constitutional right to testify by conducting an inadequate colloquy pursuant to Tachibana v. State, 79 Hawai'i 226, 900 P.2d 1293 (1995); and (3) deprived Shook of his right to cross-examine Officer Davis.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Shook's first and second points of error as follows.

A.    The district court failed to obtain a valid waiver of Shook's right to testify, on the record, and the error was not harmless.

The district court failed to obtain a valid waiver of Shook's right to testify, on the record, where the Tachibana colloquy consisted of the following:

> THE COURT: Okay. So, Mr. Shook, you do have a right to testify if you want to testify. No one can prevent you from testifying. If you choose to testify the Prosecutor can cross-examine you. If you choose not to testify the Court cannot hold that against you. You understand?
>
> [Shook]: Yes, ma'am.
>
> THE COURT: Okay.

After the court denied Shook's motion for judgment of acquittal, Shook's counsel stated that Shook did not intend to testify.

Here, the district court failed to obtain Shook's waiver directly from him on the record. In State v. Staley, 91 Hawai'i 275, 982 P.2d 904 (1999), the trial court failed to obtain an on-the-record waiver directly from Staley, but instead

_____

(3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

We note that the Judgment appears to indicate that Shook was convicted under HRS § 291E-61(a)(2). This appears to be a clerical error, as Shook was only charged under HRS § 291E-61(a)(1) and (3).

relied on the representation of Staley's counsel that Staley would not be testifying.  Id. at 286-87, 982 P.2d at 915-16.  The Hawai'i Supreme Court held that by failing to obtain an on-the-record waiver directly from Staley, the trial court had failed to obtain a valid waiver of Staley's right to testify as required by Tachibana.  Id.  Based on Staley, we conclude that the district court failed to obtain a valid waiver from Shook of his right to testify.

We further conclude that this error was not harmless beyond a reasonable doubt.  The State argues that Shook's testimony at the hearing on Shook's motion to suppress evidence is indicative of how he would have testified at trial, had he testified, and such testimony would not have altered the result; therefore, any deficiency in the colloquy was harmless.  We disagree.  We cannot tell what Shook's trial testimony would have consisted of, had he testified, and whether it would have affected the outcome of the case.  See State v. Hoang, 94 Hawai'i 271, 279-80, 12 P.3d 371, 379-80 (App. 2000) ("In general, it is inherently difficult, if not impossible, to divine what effect a violation of the defendant's constitutional right to testify had on the outcome of any particular case.").  Therefore, we cannot hold that the defective colloquy was harmless error beyond a reasonable doubt.

**B.    The Circuit Court erred in admitting Officer Davis's opinion that Shook could not drive safely based on the Officer's assessment of the SFST, but there was sufficient remaining evidence to support an HRS § 291E-61(a)(1) conviction.**

The district court erred in admitting, without proper foundation, Officer Davis's opinion that Shook could not drive safely based on the Officer's assessment of the SFST results.  In State v. Toyomura, 80 Hawai'i 8, 26, 904 P.2d 893, 911, the Hawai'i Supreme Court held that there was an insufficient foundation for admission of an officer's opinion that Toyomura was intoxicated based on his performance on the SFST,

> inasmuch as the prosecution elicited no testimony establishing that (1) the [HGN], "one-leg-stand," and "walk-and-turn" procedures were elements of the HPD's official FST protocol, (2) there was any authoritatively established

3

relationship between the manner of performance of these procedures and a person's degree of intoxication, and (3) [the officer] had received any specific training in the administration of the procedures and the "grading" of their results.

Although any lay person, including a police officer, can have an opinion regarding sobriety, a police officer may not testify, without proper foundation, about his opinion on whether an OVUII defendant is intoxicated based on his performance on the SFST. Id. at 26-27, 904 P.2d at 911-12.

In this case, Officer Davis did not testify that there was an authoritatively-established relationship between how the SFST procedures were performed and a person's degree of intoxication, or that he had received any specific training in grading SFST results. Therefore, his opinion that Shook was intoxicated based on Shook's performance on the SFST results should have been inadmissible. Because the district court appeared to rely on Officer Davis' opinion, we conclude the error was not harmless and vacate Shook's conviction under HRS § 291E-61(a)(1).

However, we hold that the remaining, admissible evidence is sufficient to support Shook's conviction under HRS § 291E-61(a)(1). The prosecution introduced evidence that Shook drove erratically entering the roadblock and had to come to a screeching halt; that he had slurred speech and red, glassy eyes; and that his vehicle had a strong odor of alcohol. An inference could also be drawn from the Officer's testimony that Shook displayed all four clues on the one-leg-stand test that Shook lost his balance, swayed, raised his arms, and hopped. When viewed in the light most favorable to the prosecution, there was sufficient evidence to convict under HRS § 291E-61(a)(1).

      C.    **The district court reversibly erred by admitting into evidence the results of the Intoxilyzer test, without which the evidence was insufficient to support the conviction under HRS § 291E-61(a)(3).**

The foundation for admission of the Intoxilyzer test results was inadequate because there was insufficient evidence that the machine used to test Shook's breath was in proper working order. The only evidence adduced on this point was

4

Officer Davis's testimony that he believed the machine was "working" because there was a letter of certification next to it. See State v. Davis, 140 Hawai'i 252, 256, 400 P.3d 453, 457 (2017), reconsideration denied, 140 Hawai'i 379, 400 P.3d 580 (2017) (foundation for admission of Intoxilyzer test result requires proof that the calibration procedure used to test the accuracy of the Intoxilyzer strictly complied with the Hawai'i Administrative Rules). Therefore, Shook's Intoxilyzer test results should have been inadmissible. Because the Intoxilyzer test results were wrongly admitted, the State failed to show that Shook's breath alcohol concentration exceeded the legal limit. Accordingly, we reverse Shook's conviction under HRS § 291E-61(a)(3).[3]

Given the foregoing, this court need not address Shook's remaining point of error, and IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered by the District Court of the Third Circuit, on November 9, 2016, is vacated, and Shook's conviction under HRS § 291E-61(a)(1) is remanded for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, January 30, 2018.

On the briefs:

Audrey L. Stanley,
Deputy Public Defender,
for Defendant-Appellant.

David Blancett-Maddock,
Deputy Prosecuting Attorney,
for Plaintiff-Appellee.

*Craig H. Nakamura*

Chief Judge

*Tim McHugh*

Associate Judge

*Derrick H. Chan*

Associate Judge

---

[3] We note that in Davis, the supreme court did not reverse Davis's conviction, but instead remanded the case for a new trial. Id. The supreme court remanded Davis's case for a new trial even though it held, by virtue of its determination on appeal that Davis's breath test result had been improperly admitted, that the State had failed to show that Davis's breath alcohol concentration exceeded the legal limit. Id. However, in State v. Wallace, 80 Hawai'i 382, 414 n.30, 910 P.2d 695, 727 n.30 (1996), the supreme court held that in determining whether Hawai'i's double jeopardy clause precludes retrial, the "sufficiency of the evidence is reviewed based only on the evidence that was properly admitted at trial."